UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| DEBRA PEPPERLING, | 6:12-cv-1055-TC |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATION |
| MICHAEL J. ASTRUE, Commissioner Social Security Administration, | |
| Defendant. | |

COFFIN, Magistrate Judge:

Plaintiff Debra Pepperling, who is proceeding without counsel in this action, seeks judicial review of the denial of her claim for benefits under Titles VII and XVI of the Social Security Act. Defendant Commissioner asserts that plaintiff has failed to exhaust her administrative remedies with respect to her claims, and has not received a "final decision" of the Commissioner which is required to seek judicial review in this court. Accordingly, defendant seeks to dismiss this claim for lack of

Page 1 - FINDINGS AND RECOMMENDATION

subject matter jurisdiction. (#13). To date, plaintiff has not filed a response.[1] For the reasons outlined below, I find this court lacks subject matter jurisdiction to review plaintiff's claim and recommend that this court grant defendant's motion.

### Standard

Agencies of the federal government, like the Social Security Administration (SSA), are immune from being sued and can only be sued in federal court if the United States waives immunity by consenting to be sued. F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994). Federal statute 42 U.S.C. § 405(g) consents to the SSA being sued in federal court as long as a claimant has first exhausted her administrative remedies. The Supreme Court of the United States has stated that section 405(g) "clearly limits judicial review to a particular type of agency action, a 'final decision of the [commissioner] made after a hearing.'" Califano v. Sanders, 430 U.S. 99, 108 (1977) (quoting 42 U.S.C. § 405(g)). SSA regulations provide that "final decision" means that the claimant must complete a four-step administrative process to file a case in federal court seeking review of an agency decision. Weinberger v. Salfi, 422 U.S. 749, 766 (1975); Sanders, 430 U.S. at 102. Requiring a claimant to exhaust her administrative remedies by getting a "final decision" before filing a case in federal court allows agencies a chance to correct their own mistakes–if any–which could eliminate the need for judicial involvement altogether. McCarthy v. Madigan, 503 U.S. 140, 144-45 (1992). The SSA regulations recognize a distinction between an Administrative Law Judge's (ALJ) decision, which is the final decision of the Commissioner and appealable, and an ALJ's denial of a review. 20 C.F.R. § 422.203(c).

---

[1] In a February 4, 2013 order, I notified plaintiff of the requirements for opposing defendant's motion. (#15).

Page 2 - FINDINGS AND RECOMMENDATION

## Discussion

Here, the record shows that plaintiff completed steps one and two of the four-step process–she received an initial determination and requested reconsideration. 20 C.F.R. §§ 404.902, 404.907; see also, (#13-1, exs 1a and 1b). The denial of the request for reconsideration advised: "if you disagree with this decision, you should ask for an appeal within 60 days." (#13-1, ex. 3b at p. *54). After her request for reconsideration was denied on May 14, 2010, plaintiff waited until August 17, 2010 to file a request for a hearing before an ALJ–the third step of the four-step process. 20 C.F.R. § 404.907; see also, (#13-1, ex. 2). The ALJ denied the hearing request as untimely in a written opinion issued on September 3, 2010, concluding that plaintiff had not established good cause for filing her request for a hearing late. (#13-1, exs. 3a and 3b). Plaintiff filed a request for a review of the ALJ's dismissal order on May 16, 2011. (Id., ex. 3b). On April 3, 2012, the Appeals Council dismissed the plaintiff's request for review on the grounds that she had not established good cause for filing the request for review late. (Id., ex. 4).

Based on the record, I find that plaintiff never exhausted her remedies and obtained a final decision because the ALJ denied her request for a hearing and the Appeals Council affirmed the ALJ's denial. 20 C.F.R. §§ 422.203(c), 404.970, 416.1470; Matlock v. Sullivan, 908 F.2d 492, 492-93 (9th Cir. 1990) (finding that jurisdiction was lacking over the Appeals Council's discretionary refusal to consider an untimely request for review).

I am mindful that the Supreme Court of the United States has held that in "certain special cases" a court may excuse a claimant from exhausting her administrative remedies. Heckler v. Ring, 466 U.S. 602, 618 (1984). Courts may waive the exhaustion requirement if the claim is: "(1)

collateral to a substantive claim of entitlement (collaterality),[2] (2) colorable in its showing that denial of relief will cause irreparable harm (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion (futility)." Kildare v. Saenz, 325 F.3d 1078, 1082 (9th Cir. 2003) (internal quotations omitted). All three elements must be satisfied to justify waiving the exhaustion requirement. Id. Plaintiff has not established that she meets any of these three requirements--her claim is not collateral, she has alleged no permissible basis for a finding of irreparable harm, and she has not satisfied the futility requirement.

## Conclusion

I find that this court lacks subject matter jurisdiction to review plaintiff's claim because there is no final decision in this case as required by section 405(g) for judicial review, plaintiff has not exhausted her administrative remedies and plaintiff has not established that she is entitled to a waiver of the exhaustion requirement. Accordingly, I recommend that this court grant defendant's motion (#13) and dismiss this action with prejudice.

DATED this 26th day of March 2013.

THOMAS M. COFFIN
United States Magistrate Judge

---

[2] A claim is collateral when it challenges the policies and procedures of the Commissioner. Ringer, 466 U.S. at 614.

Page 4 - FINDINGS AND RECOMMENDATION